IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL BENJAMIN PHILLIPS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: 22-73-KD-MU |
| HOSS MACK, Sheriff, | ) |
| Respondent. | ) |

## **REPORT AND RECOMMENDATION**

Petitioner Michael Benjamin Phillips, proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). His petition was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R).

The undersigned has carefully reviewed the petition, Respondent's answer, and all other documents and exhibits filed in this matter and recommends that Petitioner's case be dismissed without prejudice as moot. The undersigned recommends further that no evidentiary hearing be held and that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be denied.

## **I. Procedural Background**

Petitioner was arrested in August 2020 on charges of second-degree rape, second-degree sodomy, second-degree sexual abuse, and enticement of a child. (Docs. 11-1, 11-2, 11-3, 11-4). He was detained in the Baldwin County Corrections Center in Bay Minette, Alabama, and Baldwin County District Court Judge William E. Scully, Jr.

was assigned to his case. Judge Scully released Petitioner a few days after his arrest on the condition that he wear a monitoring device and refrain from contact with the victim, the victim's family, or any person under the age of 19. (*See* Doc. 11-5 at 3).

Fewer than three weeks after he was released, Petitioner removed his monitoring device, traveled to Oregon, and contacted one or more minor persons, all in violation of the conditions of his release. Judge Scully revoked his bond, and Petitioner was back in custody in Alabama on or around October 31, 2020. (*See* Doc. 11-9; Doc. 11-10; Doc. 12 at 3).

After he was rearrested, Petitioner advocated for his case to move quickly. He had a preliminary hearing on January 21, 2021, which he acknowledges was likely delayed due to two hurricanes that impacted court proceedings. (Doc. 12 at 5-6). He also filed several motions from May 2021 through December 2021 seeking bond, release, furlough, and/or a speedy trial, but Judge Scully denied those motions. (*See* Doc. 11-1 at 2-3; Doc. 11-2 at 2-3; Doc. 11-3 at 2-3; Doc. 11-4 at 2-3).

By January 2022, Petitioner had been incarcerated for more than a year, and he finally filed a state court petition for writ of habeas corpus challenging his ongoing detention. (Doc. 11-22). The petition was styled in the "Circuit Court of Baldwin County" but included the case numbers for Petitioner's pending district court proceedings. (Id.) Petitioner's motion was sent to Judge Scully who denied it, finding that the district court had no jurisdiction over the matter because Petitioner's pending cases had been sent to the Baldwin County Grand Jury. (Docs. 11-23, 11-24, 11-25, 11-26). Petitioner says he appealed this decision by sending letters to the Baldwin County Circuit Court Clerk stating that he wished to "appeal to a higher authority" or, alternatively, "to file a

2

grievance or seek administrative remedy." (Doc. 1 at 3). Petitioner has not pled, nor does the record show, that he appealed Judge Scully's denial of his state habeas petition to the Alabama Court of Criminal Appeals or the Alabama Supreme Court.

The Baldwin County Grand Jury indicted Petitioner in February 2022 on all four charges: second-degree rape, second-degree sodomy, second-degree sexual abuse, and enticement of a child. (Doc. 11-31, 11-32, 11-33, 11-34). He filed the instant federal habeas petition in this Court on February 18, 2022. (Doc. 1).

On February 22, 2023, he pled guilty to Rape 2 and was sentenced to 15 years in the Department of Corrections, split with time served in the Baldwin County Jail and the remainder suspended. *See State of Alabama v. Phillips,* CC-2022-163 (Baldwin County, Alabama Feb. 22, 2023). Upon his release on March 16, 2023, *see* http://bcsonline.co.baldwin.al.us/smartweb/jail.aspx (last visited March 22, 2024), he was placed on probation for a term of three years. *Id*.

## II. Analysis

A pretrial detainee can bring constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1261 (11th Cir. 2004) (noting that petitions for pretrial relief are properly asserted under § 2241). As noted above, Petitioner filed his § 2241 petition in this Court on February 18, 2022, when he was a pretrial detainee. (Doc. 1). Petitioner sought relief based upon the fact that he had not been given a bond and had been incarcerated in the Baldwin County jail for approximately fifteen months "waiting to be indicted." (*Id.* at pp. 6-7). During the pendency of the instant action, Petitioner plead guilty, was sentenced, and was released on a suspended sentence. The instant petition does not challenge his

3

guilty plea or sentence, and the state court case records appear to show that he has not filed any post-conviction appeal or petition.

The Court need not reach the issue of exhaustion raised by Respondent or examine Petitioner's claim on the merits because his petition is due to be dismissed as moot. The United States Constitution limits the jurisdiction of this Court, and all federal courts, to the determination of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). An action is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The "controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Christian Coal. of Fla., Inc. v. United States,* 662 F.3d 1182, 1189-90 (11th Cir. 2011) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

Because Petitioners § 2241 petition raised only challenges to his pretrial detention, in light of his guilty plea and sentence, this Court can no longer provide him relief. *See Gagliardi,* 889 F.3d at 733. Accordingly, his petition does not present an actual case or controversy. For this reason, the undersigned **RECOMMENDS** that Petitioner's § 2241 petition (Doc. 1) be **DISMISSED without prejudice** as moot.

## III. Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2254 Proceedings (applicable to Section 2241 Cases through S.D. Ala. CivLR 9); *see also Sawyer v. Holder*, 326 F.3d 1363, 1364 (11th Cir. 2003) (noting that state prisoners proceeding under § 2241 must obtain a certificate of appealability to appeal). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).

Upon due consideration, the undersigned recommends Petitioner be denied a Certificate of Appealability in conjunction with the denial of his present § 2241 motion, as reasonable jurists would not debate whether his § 2241 motion should be resolved in a different manner.

## IV. Conclusion

For the reasons stated herein, the undersigned **RECOMMENDS** that the § 2241 petition filed by Michael Benjamin Phillips be **DISMISSED without prejudice** as moot. Further, the undersigned **RECOMMENDS** that Petitioner be **DENIED** a Certificate of Appealability and that he not be allowed to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts (applicable to Section 2241 Cases through S.D. Ala. CivLR 9); S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1st** day of **April, 2024**.

                                                            s/P. BRADLEY MURRAY
                                                            **UNITED STATES MAGISTRATE JUDGE**